IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECIL LUMONT BRADFORD | § | |
| Petitioner, | § | |
| VS. | § | NO. 3-10-CV-1679-D |
| REBECCA TAMEZ, Warden, FCI Seagoville | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Cecil Lumont Bradford, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a successive motion to correct, vacate, or set aside sentence and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 2003, petitioner pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Punishment was assessed at a total of 170 months confinement followed by a three-year term of supervised release. No appeal was taken. Instead, petitioner filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. The motion was denied on the merits. *United States v. Bradford*, No. 3-05-CV-0667-D, 2007 WL 2669464 (N.D. Tex. Sept. 11, 2007). Petitioner also filed two motions for sentence reduction and a Rule 60(b) motion to reopen the judgment in his criminal case. Both motions for

sentence reduction were denied. *United States v. Bradford*, No. 3-03-CR-280-D (N.D. Tex. Jun. 4, 2008), *aff'd*, No. 08-10569 (5th Cir. Jun. 5, 2009); *United States v. Bradford*, No. 3-03-CR-280-D (N.D. Tex. Mar. 5, 2010). The Rule 60(b) motion was treated as a successive section 2255 motion and transferred to the Fifth Circuit. *Bradford v. United States*, No. 3-09-CV-1010-D, 2009 WL 1542517 (N.D. Tex. Jun. 2, 2009), *mot. denied*, No. 09-10587 (5th Cir. Sept. 2, 2009).

Undeterred, petitioner now challenges his sentence in an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his sole ground for relief, petitioner contends that the district court improperly classified him as a career offender under U.S.S.G. § 4B1.1 based on a prior conviction for escape, which is not a "crime of violence." Process has been withheld pending a preliminary screening of the habeas petition.

II.

As a threshold matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. While an application for writ of habeas corpus under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *see United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a collateral attack on a federal criminal conviction or sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Thus, a section 2241 habeas petition is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *See id.* at 877-78. The only exception to this rule is when the remedy provided under section 2255 is inadequate or ineffective. *See Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting*

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Relying on the Eleventh Circuit's decision in *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), petitioner argues that his prior conviction for escape is a "non-existent offense" for purposes of classifying him as a career offender under the sentencing guidelines. In *Gilbert*, the defendant was classified as a career offender based on two prior state convictions -- one for possession with intent to sell crack cocaine, and another for carrying a concealed weapon. *Gilbert*, 609 F.3d at 1160. On direct appeal, the Eleventh Circuit held, as a matter of first impression, that "carrying a concealed weapon in violation of Florida law is a 'crime of violence' under U.S.S.G. § 4B1.2." *Id.* at 1161, *quoting United States v. Gilbert*, 138 F.3d 1371, 1372 (11th Cir. 1998), *cert. denied*, 119 S.Ct. 1754 (1999). The Supreme Court denied certiorari review and the district court denied section 2255 relief. *Id.* In 2008, nearly 10 years after defendant exhausted his appellate and post-conviction remedies, the Supreme Court held in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), that the term "violent felony" applies only to crimes that involve "purposeful, violent, and aggressive conduct." *Id.* at 1161-62, *citing Begay*, 128 S.Ct. at 1586 (internal quotation marks omitted). Later that same year, the Eleventh Circuit determined that, in view of *Begay*, "the crime of carrying a concealed firearm may no longer be considered a crime of violence under the Sentencing Guidelines." *Id.* at 1162, *quoting United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). After *Archer* was decided, the defendant in *Gilbert* filed a section 2241 habeas petition asking the court to reopen his prior section 2255 motion to include a challenge to the career offender enhancement. *Id.* at 1162. The district court denied the request, holding that defendant's claim did not meet the requirement of a conviction for a non-existent offense. *Id.* The

Eleventh Circuit reversed. Because defendant's prior conviction for carrying a concealed weapon was not a "violent felony," the appeals court reasoned that "[h]is sentence was enhanced . . . based upon a nonexistent offense -- being a career offender with only one prior violent felony." *Id.* at 1165.

Unlike the defendant in *Gilbert*, petitioner herein has failed to establish that his prior conviction for escape is a "non-existent offense" for purposes of classifying him as a career offender under U.S.S.G. § 4B1.1. In an attempt to meet this burden, petitioner cites *Chambers v. United States*, ___ U.S. ___, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), wherein the Supreme Court held that the Illinois crime of failing to report to prison is not a "violent felony." However, the prior conviction used to elevate petitioner to career offender status did not involve failing to report to prison. Rather, petitioner was convicted of escape under Texas law, which makes it a felony for a person to escape from custody "when he is . . . in custody pursuant to a lawful order of a court[.]" TEX. PENAL CODE ANN. § 38.06(a)(2) (Vernon 2003).[1] The Fifth Circuit recognized that distinction in *United States v. Hughes*, 602 F.3d 669 (5th Cir. 2010), *pet. for cert filed*, No. 10-5289 (Jul. 6, 2010). As the court observed:

> Unlike failure to report, escape is typically committed in a purposeful manner, and when these escapes cause injuries, those injuries typically result from intentional action, not negligence or even recklessness. It is violent insofar as the crime includes behavior that is significantly more dangerous behavior than the failure to report considered in *Chambers*. Indeed, the Court acknowledged that "a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." Finally, the act is typically aggressive insofar as one who escapes prison is no doubt aware that armed law enforcement will seek him out, potentially ending in a violent confrontation. This is precisely the sort of felon who, later possessing a firearm illegally, might "pull the trigger[.]"

---

[1] According to the PSR, petitioner "walked away from a halfway house and never returned." (*See* PSR at 10, ¶ 46).

*Hughes*, 602 F.3d at 677 (internal citations omitted); *see also United States v. Delgado*, 320 Fed.Appx. 286, 287, 2009 WL 959507 at *1 (5th Cir. Apr. 9, 2009), *cert. denied*, 130 S.Ct. 552 (2009) (post-*Chambers* decision holding that prior conviction for escape from halfway house is a "crime of violence" for purposes of U.S.S.G. § 4B1.1).[2]

In view of *Hughes*, petitioner cannot show that his prior escape conviction is a "non-existent offense" for purposes of classifying him as a career offender under U.S.S.G. § 4B1.1. Because petitioner has failed to satisfy the first prong of *Reyes-Requena*, he must challenge his sentence in a section 2255 motion.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

---

[2] The court acknowledges that the Fifth Circuit has suggested in an unpublished opinion that escape from a halfway house is not a "crime of violence" under U.S.S.G. § 4B1.1. *See United States v. Miles*, 340 Fed.Appx. 982, 984, 2009 WL 2512845 (5th Cir. Aug. 18, 2009). However, that decision has no precedential value and was based entirely on the government's concession that defendant's escape conviction is not a "crime of violence" after *Chambers*. *Miles*, 2009 WL 2512845 at *1.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a second or successive motion to correct, vacate, or set aside sentence. Rather than dismiss this case without prejudice pending review by a three-judge panel of the court of appeals, the motion should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 10, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE